IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 18-03123 (ESL)

PUNTAS ASSOCIATES, LLC                                    CHAPTER 7

        Debtor

OPINION AND ORDER

This case is before the court upon the motion filed by the debtor, Puntas Associates, LLC, for conversion to chapter 11 and the oppositions filed by the chapter 7 trustee, Noreen Wiscovitch-Rentas, and creditors Carlos M. Muñiz Ruiz, Edna O. Muñiz Ruiz, and Adalid Muñiz Ruiz, individually and as heirs of the Estate of Adalid Muñiz Avilés (the "Muñiz") alleging that the request for conversion was filed in bad faith. The debtor "wishes to convert the case from a Chapter 7 to a Chapter 11 to be able to reorganize to the benefit of Debtor and all creditors" pursuant to the provisions of Section 706(a) of the Bankruptcy Code, 11 U.S.C. § 706(a). The trustee questions the timing of the motion in light of the information disclosed in the schedules filed by the debtor, namely the value of the real properties, the changes in the secured claim structure due to her actions as trustee, and the business history of the debtor. The Muñiz, by far the largest creditor of the debtor, irrespective of whether they are secured or unsecured, allege that the debtor defaulted on its payments, has failed to propose a development for the land purchased in 2007, is not an ongoing concern, is not operating and has no employees. The contested matter came before the court for an evidentiary hearing in February 2019.

After considering the documents filed by the parties, the evidence presented, and the applicable law, the court denies the debtor's motion to convert to chapter 11.

-1-

JURISDICTION

This Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §1334(a), §157(b)(1). Venue lies with this Court pursuant to 28 U.S.C. §1409(a). This is a core proceeding as defined by 28 U.S.C. §157(b)(2).

FACTUAL BACKGROUND

The Debtor PUNTAS ASSOCIATES, LLC, is a limited liability company created pursuant to the laws of the State of New York.  William Russell is the Managing Member of the Debtor.

On April 12, 2007, Mr. Adalid Muñiz and the Debtor, Puntas Associates LLC ("Puntas") entered into a Purchase and Sale Agreement of the real estate property described below as Parcel G for the sales price of $2,477,000.00. Puntas paid $164,000.00 on or before the time of closing and the seller financed the remaining $2,313,000.00, subject to obtaining a first mortgage to secure the unpaid part of the sale price. On that same date, April 12, 2007, and for value received, a mortgage note payable to the order Mr. Adalid Muñiz Avilés, or to the bearer of the note, was executed before Notary Public Andrés Javier Ramos Cámara, affidavit number 10,793, hereinafter "the note". The note in the principal sum of $2,313,000.00 bears interests on the unpaid principal balance at the rate of 7.00% per annum until the debt is paid in full. The note provides for the payment of 10% of the original principal amount, $231,300.00 to cover costs, expenses, and attorney's fees.

The principal and interests due under the note matured on October 12, 2007 and are due and payable.  A voluntary mortgage was constituted by the Joint Deed of Sale and Mortgage, Deed Number 3, executed before the Notary Public Andrés Javier Ramos Cámara on April 12, 2007 to secure the repayment of (a) the indebtedness evidenced by the note, and (b), an amount of 10% of the original principal amount $2,313,000.00 of the note to cover costs, expenses and attorney's fees.

The mortgage encumbers the below described property in the Spanish language, hereinafter "the property":

RUSTICA: PARCELA marcada con la letra "G" en el Plano de Inscripción, radicada en el Barrio Puntas del término municipal de Rincón, Puerto Rico, de una cabida superficial de TRECE MIL TREINTA Y SEIS PUNTO DOSCIENTOS CUARENTA Y SIETE METROS CUADRADOS (13,036.247 m.c.) En lindes por el Norte, con la parcela "H" y parcela "I" del mismo plano, y con el solar número dos (2) que fue segregado de esta misma finca; por el Sur, con el solar segregado de la misma finca caso 77-25-A-690 DPL; por el Este, con la parcela J del mismo Plano que fue adjudicada al señor Jesús Muñiz Avilés y por el Oeste, con faja marcada con la letra "L" dedicada a uso público y con el solar dos (2) antes segregado.

Recorded at page one hundred and ten (110) of volume fifty-six (56) of Rincón, property ("finca") number two thousand three hundred fifteen (2315). Registry of the Property Aguadilla, Section I. The number of the property for tax purposes is 095-020-002-65-000.

In accordance with the Joint Deed of Sale and Mortgage presented for recordation at the Registry of the Property of Puerto Rico, Puntas Associates LLC appears at the Registry of the Property as the registered owner of the Property. The Joint Deed of Sale and Mortgage was presented for recordation with the Registry of the Property, Aguadilla, Section I on May 29, 2007 per entry number ("Asiento") 849-827-AG01.

The note matured on October 12th, 2007. The Muñiz are the holders of the Matured Mortgage Note.

The Debtor, PUNTAS ASSOCIATES LLC, failed to comply with the terms of the note and the mortgage deed and its duty to pay. On November 14, 2016, the Muñiz filed a foreclosure case against Puntas, the Debtor, before the United States District Court for the District of Puerto Rico, Case No. 16-cv-02978. On February 21, 2018, Puntas Associates LLC finally executed and filed with the United States District Court its Motion for Entry of Consented Judgment of Foreclosure Pursuant to Rule 35.4 Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. Ap. V, R. 36.4. As of March 31, 2018, PUNTAS ASSOCIATES LLC

owed the Muñiz the principal sum of $2,313,000.00 plus accrued interest at a rate of 7.000% per annum in the amount of not less than $1,510,323.50. The total amount owed by Puntas as of March 31, 2018 was $3,823,323.50. A Consented Judgment for Foreclosure was entered by the US District Court for the District of Puerto Rico on March 26, 2018.

On May 31, 2018, Puntas Associates LLC filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico. Noreen Wiscovitch is the duly appointed and qualified Chapter 7 Trustee in charge of the estate.

With the voluntary petition, the Debtor included the Schedules and Statement of Financial Affairs ("SOFA"), duly signed under penalty of perjury by William Russell, managing official of Puntas Associates LLC. According to the schedules, the Debtor did not have any accounts receivables, investments, inventory or equipment, and the only cash the Debtor had, was a pre-petition checking account with BNB Bank with a listed value of $197.51.

The Debtor listed as assets of the estate, three lots of land in the municipality of Rincon for a combined value of $103,700.00, described as follows:

> a. Parcel G with surface area of 13,036.247 square meters, located at Barrio Puntas, Rincon with a listed alleged value of $75,000.00.
> b. Parcel 1 with surface area of 3,933.978 square meters, located at Barrio Puntas, Rincon with a listed alleged value of $23,000.00.
> c. Parcel 2 with surface area of 990.871 square meters, located at Barrio Puntas, Rincon with a listed alleged value of $5,700.00.

In Schedule D the Debtor listed a secured debt of $4,036,323.00 which was secured against the property described as Parcel G. The Debtor listed general unsecured debts totaling $1,125,000.00. The SOFA signed by the Debtor's principal under penalty of perjury disclosed that the gross revenues from the business operations of the Debtor during the period from January 1st, 2015 to December 31st, 2017, was $0.00.

On July 22, 2018, the Trustee abandoned the property described as Parcel G, because the amount of the secured lien on the property was $4,036,323.00 and the alleged value was $75,000.00, with these facts, the property was burdensome to the bankruptcy estate. The Trustee's determination to abandon the estate property was triggered because said property had no value and/or was burdensome to the estate, as per Debtor's schedules, testimony and the evidence presented in Proof of claim No.4 ("POC 4") filed by Carlos M. Muñiz Ruiz, Edna O. Muñiz Ruiz and Adaliz Muñiz Aviles, which determines that as of July 22, 2018, the Property was encumbered by virtue of the pre-petition presentment of a secured mortgage in the amount of $4,036,323.00. The evidence included in the Proof of Claim, such secured mortgage debt was presented at the Puerto Rico Property Registry Office (the "Registry"), on May 29, 2007 in Deed No. 3; presented by Notary Public Andres Javier Ramos Cámara (the "Notary"). The Proof of Claim included a Registrar Certification issued on July 11, 2016 which evinces that the Mortgage was presented on May 29, 2007.

On July 31, 2018, the Registrar of the property registry of Aguadilla, Section I, Mr. Gilden S. Caro Perez, issued a notice for correction to the Notary, informing him that the presented documents were missing a County Clerk Certificate and established a deadline for the correction to be made. The notification was entered on July 31st, four days prior to the finality of the abandonment. The notice by Registrar Caro Perez indicated that there was a deficiency on the inscribed mortgage for Parcel G. The notification was entered on July 31st, four days prior to the finality of the abandonment notice. The Registrar afforded the Notary until October 1, 2018 for the fault to be corrected or the presented documents position and ranking (asiento) in the registry would expire on October 1st. The Notary did not correct the deficiencies and on October 2, 2018, the Notary withdraw the presentment of the deed and requested a credit for the government stamps. On October 4, 2018, the Registrar entered a note in the Registry regarding the mortgage and the lien and the Registrar indicated that the document was withdrawn because there was no interest in pursuing its inscription. The Registrar credited the Notary in the amount of $19,064.00.

On November 12, 2018, the Trustee filed a motion to set aside the notice of abandonment and filed an Adversary Proceeding against the Muñiz for a declaratory judgment and injunctive relief for withdrawing the pre-petition lien presented over Parcel G.

On November 13, 2018, after the Trustee had filed the motion to set aside the abandonment, and the Adversary Proceeding, the Debtor filed the Motion to Convert the Case from a Chapter 7 to a Chapter 11.

UNCONTESTED FACTS

The parties have agreed that the following facts are uncontested:

1. The bankruptcy estate of Puntas Associates, LLC, is represented by Noreen Wiscovitch-Rentas, who is the appointed Chapter 7 Trustee.

2. Puntas Associates, LLC is a limited liability company created pursuant to the laws of the State of New York. Its principal place of business and postal address is: 38 Kings Highway, Hauppauge, New York State, 11788.

3. On May 31, 2018, Puntas Associates LLC filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico.

4. With the voluntary petition, the Debtor included the Schedules and Statement of Financial Affairs, duly signed by William Russell, managing partner of Puntas Associates LLC.

5. In its Schedule D, the Debtor listed a secured debt of $4,036,323.00 which was secured against the property described as Parcel G.

6. Parcel G was listed in schedule D with a value of $75,000.00.

7. Debtor listed unsecured debts totaling $1,125,000.00.

8. Debtor is the owner of certain real property identified as Parcel 1, Parcel 2 and Parcel G, Barrio Puntas, Rincón.

9. Parcel G consists of 13,036.247 square meters of undeveloped land (the "Property" or "Parcel G"), with the following description (in the Spanish language):

-6-

RUSTICA: PARCELA marcada con la letra "G" en el Plano de Inscripción, radicada en el Barrio Puntas del término municipal de Rincón, Puerto Rico, de una cabida superficial de TRECE MIL TREINTA Y SEIS PUNTO DOSCIENTOS CUARENTA Y SIETE METROS CUADRADOS (13,036.247 m.c.) En lindes por el Norte, con la parcela "H" y parcela "I" del mismo plano, y con el solar número dos (2) que fue segregado de esta misma finca; por el Sur, con el solar segregado de la misma finca caso 77-25-A-690 DPL; por el Este, con la parcela J del mismo Plano que fue adjudicada al señor Jesús Muñiz Avilés y por el Oeste, con faja marcada con la letra "L" dedicada a uso público y con el solar dos (2) antes segregado.

Recorded at page one hundred and ten (110) of volume fifty-six (56) of Rincón, property ("finca") number two thousand three hundred fifteen (2315). Registry of the Property Aguadilla, Section I. The number of the property for tax purposes is 095-020-002-65-000.

10. At the time of the filing of the voluntary petition, Parcel G was encumbered by a mortgage lien in the amount of $4,036,323.00, including interest, costs and attorney fees.

11. The secured mortgage claim resulted from a Sale and Mortgage Deed executed by Mr. Adalid Muñiz Aviles, as seller, and Debtor, as purchaser, on April 12, 2007, before Notary Public Andres Javier Ramos Cámara (the "Sale and Mortgage Deed").

12. The sale price was $2,477,000.00, of which $60,000.00 were paid by Debtor prior to the execution of the Sale and Mortgage Deed, and $104,000.00 were paid at the time of the execution of the Sale and Mortgage Deed.

13. Payment of the remaining sum of $2,313,000.00 was secured by a Mortgage Note bearing interests on the unpaid principal balance at the rate of 7.00% per annum until the debt was paid in full.

14. The Sale and Mortgage Deed was presented for registration with the Property Registry on May 29, 2007 per entry number ("Asiento") 849-827-AG01.

15. On November 14, 2016, Muñiz filed a Complaint for Money Collection and Mortgage Foreclosure before the United States District Court for the District of Puerto Rico (the "Complaint").

16. Judgment was entered on March 26, 2018, granting the Complaint and directing Debtor to pay the principal sum of $2,313,000.00, plus accrued interest at a rate of 7.000% per

annum in the amount of not less than $1,510,323.50, and $213,000.00 to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation (the "Judgment").

17. After the proper evaluation of the assets of the estate, the Trustee abandoned the property, on July 22, 2018, described as Parcel G.

18. In evaluating the abandonment for Parcel G, the Trustee certified that "after a proper inquiry, that the above listed property is not proper for administration, and/or is burdensome to this Estate or of inconsequential value to the Estate."

19. The inscription or seat that the Sale and Mortgage Deed had recorded pre-petition, expired on October 1, 2018.

20. At the property registry of Aguadilla in Section I, the Registrar; Mr. Gilden S. Caro Perez, issued a notice for correction regarding Parcel G, on July 31, 2018.

21. The notice by the Registrar, Hon. Caro Perez, indicated that there was a deficiency on the inscribed mortgage for Parcel G. The notification was entered on July 31st, 2018.

22. On October 2, 2018, the Notary withdrew the Sale and Mortgage Deed from the Property Registry and requested a credit for the government stamps.

23. On October 4, 2018, the Registrar entered a note in the Registry regarding the Sale and Mortgage Deed indicating that the document was withdrawn because the there was no interest in pursuing its inscription.

24. The Property Registrar issued the Notary a credit in the amount of $19,064.00.

25. Upon learning that presentation of the mortgage for Parcel G, was withdrawn on October 2, 2018, on November 12, 2018, the Trustee filed a motion to set aside the Notice of Abandonment and filed an Adversary Proceeding against the Creditors claiming a lien over Parcel G.

26. On October 22, 2018, Muñiz filed Proof of Claim No. 4 with a security interest claim based on the Sale and Mortgage Deed in the amount of $3,918,232.50. [POC No.4]

27. On November 13, 2018, Debtor filed a motion to convert the instant case from a Chapter 7 case to a Chapter 11 case pursuant to Section 706(a) of the Bankruptcy Code (the "Motion to Convert").

28. At the evidentiary hearing held on February 7, 2019, the Court heard the arguments of the Parties and the testimony of the Chapter 7 Trustee, Noreen Wiscovitch-Rentas, and the Court ordered further briefing.

EVIDENTIARY HEARING

The uncontested evidence presented at the hearing established that the debtor had purchased real property from the Muñiz family in 2007 for the purpose of developing the land. However, the development was never accomplished because the Debtor never obtained financing for the project. At the time of the filing of the chapter 7 petition the debtor was not operating, was not generating income and had no employees. The chapter 7 petition was filed to liquidate the corporation.

The Trustee has worked on maximizing the estate. On November 1, 2018, she received an offer of purchase for Parcel 2, for $145,000.00 and a Notice of Intent to Sell was filed. This Court noted that such offer was 29 times higher than the scheduled value of the property of $5,000.00.

The Trustee also received offers from three different buyers who were interested in acquiring Parcel 2, starting from $61,000.00 up to the highest offer of $145,000.00; which resulted in approximately $146.00 per square meters. When applying the approximately fair market value of $146.00 per square meter, Parcel 1 value is approximately $600,000.00; and Parcel G's value is approximately $1,800,000.00, for a total value of $2,400,000, which is close to the sales price of $2,477,000.00 paid by the Debtor in 2007. However, the value in the schedules is only $75,000, which is 3% of the purchase price. Irrespective of the value that may be realized by selling properties in a chapter 7 scenario or a Chapter 11 liquidation plan, the scheduled values are not reasonable. The arguments that the Debtor may have engaged in due

diligence when declaring values of properties, without presenting evidence in support of the allegations, make the same unsustainable under the circumstances of this case.

The court finds, according to the only evidence presented at the evidentiary hearing, that it is undisputed that the Debtor grossly undervalued the primary assets of the estate, denoting its lack of good faith or bad faith.

The reports prepared by the chapter 7 trustee show that the total distribution to creditors will be approximately $1,500,000, and that the unsecured creditors, including the Muñiz family, will receive approximately 45% of its proof of claim 4, even if considered unsecured.  There are only four claims filed in this case, totaling $4,446,118, of which Muñiz accounts for $3,918,232.  The only claim to be paid in full is CRIM (POC 1) in the amount of $81.38.

CONCLUSIONS OF LAW

A debtor's decision to file a bankruptcy petition under a particular chapter is not irreversible.  The Bankruptcy Code allows a debtor to move for conversion to another chapter. The requirements depend on the chapter from which the debtor requests conversion and the chapter to which the debtor requests the conversion.  The voluntary conversion by a chapter 7 debtor to chapter 11 is governed by section 706(a), 11 U.S.C. § 706(a), which provides that a debtor may convert a chapter 7 case to chapter 11 at any time, if the case has not previously been converted under sections 1112, 1307 or 1308, and that any waiver to convert a case under § 706(a) is unenforceable.

A strict reading of section 706(a) conveys an absolute right to convert.  However, the Supreme Court in Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007), interpreted section 706(a) and held that the right to convert a chapter 7 case to another chapter is not absolute.  The Supreme Court's reasoning primarily rests on a bad faith exception on account of existing facts that would subject the dismissal of the case under the chapter converted to.  The Supreme Court further determined that bankruptcy courts have an inherent power under section 105 of the Bankruptcy Code, 11 U.S.C. §105(a), to prevent an abuse of the bankruptcy process.  However, given the reading of the statutory

provisions, the restriction of the debtor's right to convert to another chapter under which the debtor is eligible to file must be limited to "extraordinary cases." The extraordinary circumstances in Marrama concerned the concealment of significant assets. Hon. Joan N. Feeney, Hon. Michael G. Williamson, and Michael J. Stepan, Esq., Bankruptcy Law Manual, §10:15, Vol. 2, (5th Ed.2019); 6 Collier on Bankruptcy, ¶ 706.02 (Richard Levin & Henry J. Sommer eds., 16th ed.); Charles Jordan Tabb: Law of Bankruptcy, 3rd ed., §2.20.

This court is conscious that its equitable powers under section 105 are limited to orders that are necessary or appropriate to carry out the provisions of the Bankruptcy Code, Law v. Siegel, 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed. 2d 146 (2014); In re Oak Knoll Associates, L.P., 835 F.3d 24 (1st Cir. 2016). See In re Lopez Llanos, 578 B.R. 700, 707 (Bankr. D. Puerto Rico 2017).

The finding of bad faith is fact intensive and is made after analyzing the totality of the circumstances. In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D. Puerto Rico 2012). Lack of good faith or bad faith may constitute cause for the dismissal or conversion to chapter 7 of a chapter 11 petition pursuant to 11 U.S.C. § 1112(b). In re Ortiz Jimenez, 2018 WL 5883912, 2018 Bankr. LEXIS 3507, Bankruptcy District of Puerto Rico (November 7, 2018).

The decision to deny the debtor's request to convert the chapter 7 petition to chapter 11 rests on whether or not the totality of the circumstances in this case show that the debtor made the request for an improper bankruptcy purpose which constitutes bad faith and causes this case to be extraordinary.

DISCUSSION

The uncontested and unrebutted facts of this case show that in April 2007 the debtor purchased from the Muñiz real property for the purpose of developing the same. The debtor paid the sales price of $2,477,000, advanced $164,000, financed the balance of $2,313,000, and issued mortgage notes payable to the Muñiz. In November 2016 the Muñiz filed a collection of

monies and foreclosure action before the U.S. District Court for the District of Puerto Rico and a consented judgment in favor of the Muñiz was entered in February 2018.

The development was not possible mainly because the debtor did not obtain financing for the project.  The debtor filed a voluntary chapter 7 petition on May 31, 2018 to liquidate the corporation.  Ms. Noreen Wiscovitch was appointed chapter 7 trustee.  At the time of filing the debtor was not operating, had no employees, and, thus, was not generating income.

The debtor filed schedules grossly understating the values of the real property owned. The valuation difference has been known since at least November 2018 when the chapter 7 trustee received offers to purchase the properties.  As of this date the debtor has not amended the schedules.

There are only four claims in this case totaling $4,446,118, three by governmental agencies and the claim by Muñiz in the amount of $3,918,232.  The debtor scheduled the Muñiz as a secured creditor in the amount of $4,036,323, and the value of the collateral in the amount of $75,000. Collateral which was originally purchased in 2007 for $2,477,000.

On October 2, 2018, almost 7 months after petition date, the notary who had presented the mortgage deed in favor of the Muñiz withdrew the same from the Property Registry.  On November 12, 2018, upon learning of this action, the chapter 7 trustee withdrew the motion for abandonment previously filed and initiated an adversary proceeding against the Muñiz challenging the secured status in their proof of claim.  The matters in the adversary proceeding were continued without a date pending the decision on the debtor's motion for conversion to chapter 7.

The next day, that is, on November 13, 2018 the debtor moved for conversion to chapter 11 in order to reorganize. To move for conversion to chapter 11 in light of the above facts does show extraordinary circumstances which amount to bad faith.  The debtor was not able to obtain financing for ten years prior to filing bankruptcy, did not make any payments to the Muñiz under their financing agreement for ten years, was not operating and grossly undervalued the assets it owned.  To have filed the request for conversion the next day that the chapter 7 trustee

challenged the Muñiz secured status and having failed to present any evidence as to how it will reorganize, in light of the events leading to having filed a chapter 7 petition is also indicative of bad faith.

The above facts show that in addition to acting in bad faith, the debtor has no reasonable possibility of rehabilitation and may be subject to dismissal or conversion to chapter 7 pursuant to §1112(b). Thus, the Marrama judicial exception is applicable. In addition, the denial of the request for conversion for bad faith meets the equitable remedies in §105(a) as it will allow the chapter 7 trustee to continue to discharge her duties under section 704 of the Bankruptcy Code, mainly: reduce to money the property of the estate in the best interest of parties in interest, and examine proofs of claim and object to them for the purpose of maximizing distribution in accordance with the Bankruptcy Code.

CONCLUSION

In view of the foregoing reasons, the debtor's motion to convert the case to chapter 11 is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of October 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

-13-